In The United States District Court
For The <u>Southern</u> District of Texas
<u>Brownsville Division</u>

United States District Court
Southern District of Texas
FILED

DEC 17 2002

Michael N. Milby
Clerk of Court

Marcel D. Goodman, 01022367
    Petitioner

Vs.

Gary Johnson, Executive Director
    Respondent

**MISCELLANEOUS**

~~Civil~~ Action No. B-02-28

<u>Petitioner's Writ As, Habeas Corpus Pursuant to 2.8 U.S.C. 3 2254 with Brief in Support</u>

    To The Honorable Judge As said Court:

    Now comes Marcel D. Goodman, Petitioner, prose and file this petitioners Writ of Habeas Corpus Pursuant to U.S.C. 3 2254 With Brief in Support and will respectfully show this Honorable Court the following:

<u>**I.**</u>

Petitioner is neither a lawyer nor qualified paralegal, thus because complaints are filed prose they must be held less stringent standards than formal pleadings drafted by lawyers --------- Haynes Vs. Kerner, 92. S. Ct. 594_96

Page (1)

## Grounds For Relief

Herein in this Writ, petitioner will show this Honorable Court why disciplinary case No. 20020098257 should have been overturned and expunged from his, replete with arguments and authorities.

## III.

## Exhaustion of Remedies

It has been held that exhaustion is not necessary where resort to State remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the States Courts attitude toward a petitioner's claim is a foregoing conclusion ---- Carter vs. Estelle 677 F.2d 427-446 (5th Cir. 1982).

It makes little sense given the cost of delay to require a petitioner to present by them ---- Footnote 16 Id at 446.

This is evidence in and by the court as criminal appeals decision in Ex Parte Brager, 704 S.W.2d 46 (Texas Ct. Cr. App. 1986). Wherein in Layton J. Carson 479 F.2d 1275 (5th Cir. 1973) this court held that petitioner for federal habeas corpus need not exhaust State remedies when it is plain that resort to State Courts would be futile. Also, it held that is the State's highest court has rendered an adverse decision in an identical case and there is no reason to believe that State Court would change its position. Federal Court should not dismiss petition for Federal Habeas for failure to exhaust State remedies.

Petitioner herein points to the Court that the Habeas Corpus is the proper remedy by virtue of the Supreme Courts ruling in Preisser vs. Rodriquez 411 U.S. 475_93 S. Ct. 1827.

However Petitioner did file his Step 1 and Step 2 grievance in the Institution, thus exhausting his administrative remedies.

## IV.

### Petitioner's Grounds of Error Replete With Argument and Authorities

On or about December 12, 2001, Petitioner was charged with violating a Texas Department of Criminal Justice – Institutional Division Rule in disciplinary case #200200 98257 for allegedly participating in a racial riot that transpired on the Willacy County, SJD. Transfer Facility. Petitioner was found guilty and punishment imposed was 15 days punitive segregation, reduction in class from S.A.T.-3 to Line Class 3, forfeiture as 448 days good time, 45 days commissary, 45 days recreation, 45 days cell restriction and placed on Closed Custody form Minimum Custody.

This disciplinary report form I-47 MA read in Pertinent Part: "On the date and time listed above and at housing three Bravo. Offender Goodman, Marcel, TDCJ-ID No. 01022367 intentionally participated with offender Cotton, John #1030703 in a physical altercation involving multiple Hispanic and Blacks and created a danger of injury to persons and substantially obstructed the performance of unit operations by causing a shut down due to the disturbance".

There was insufficient evidence to support the finding of guilt based upon a preponderance or contradiction in the officer's written report and verbal testimony at the hearing.

Petitioner was found guilty based only on the charging officer report and testimony even though they were inconsistent with one another. The report states that petitioner actually participated in the altercation/riot whereas his verbal testimony at the hearing was the he did not see petitioner in all actuality participating in the melee. Nor was there any scars, bruises or scratches on petitioner, which was also verified by petitioner's examination by medical staff immediately after the altercation, which is a normal procedure after a riot.

The taped testimony of charging officer Hernandez, Jr. can be heard on tape #584 – side B from 297 to 371 it was stated that petitioner was identified on a video tape but this was "after the riot and after petitioner was viewed on tape going to the urinal area to wash his face due to gas being shot on the wing.

Page (3)

In the instant disciplinary case petitioner alleges violations of due process rights as set forth in the Texas Department of Criminal Justice – Institutional Division Disciplinary Rules and Procedures for Inmates (DRPI) Handbook that has been instituted and approved by the Texas Board of Criminal Justice on page (1) the rule book states: "The following rule outline the procedures that [Must] be followed when offender violates at DC.T-ID Rule".

When a proceeding "is not" conducted in compliance with procedures, prison officials [Must] overturn the disciplinary case is appealed through the Offender Grievance Procedure or is administratively reviewed pursuant to Administrative Directive 04.35

The word [Must] shows an affirmative duty on the part of prison officials to comply with the disciplinary procedures. The facts in this case indicate that the petitioner was subjected to disciplinary action without compliance with same. D R P I Handbook page (10) Section VI. B.A. states: "the inmate may call witnesses unless the unit disciplinary hearing officer decides that the testimony of such witnesses is likely to jeopardize the life or safety as persons or the security and order of the institution. If witness are denied written reasons "Must" be provided in the records for the unit disciplinary hearing officers decision. The hearing officer may not automatically deny witnesses requested at the hearing because he/she did not request the witnesses at the time of being notified of the alleged violation. Sec. VI.B.6 States: "The inmate or his/her counsel substitute may question all witnesses..."

Sec VI. E it States: "at the conclusion of the hearing the inmate shall be given a copy of the written record of the hearing (form I-47 MA) and should contain the following VI. E. 3 whether any requested witnesses were excluded and if so, the reason for the exclusion".

Petitioner requested offender Louis Alexander (Fix Number 103024) who would have testified that petitioner "was not" a participant in the altercation not only was this witness not called by the hearing officer. Neither did he complete the Form I-47 MA Disciplinary Report and Hearing record by not stating this witness was excluded or the reason for the exclusion as set forth in the DRPI Handbook, thus, violations of due process rights and administrative and institutional procedural rights.

Petitioner was found guilty based on the charging officer written report (Form I-47 MA) and his statement/testimony at the hearing with no evidence or inconsistent evidence to corroborate or substantiate the written report.

The Supreme Court has held that the report and testimony by the charging officer or "some evidence" supports the findings as guilt. Superintendent V. Hill 472 U.S. 445- 454- 55 (1985) and Gibbs vs. King 779 F.2d 1040.1046 (5th Cir. 1986) has held that the requirement of due process are satisfied if "some evidence" supports that decision as the disciplinary board. It has also been held however, that due process only requires that some evidence exist, the evidence that is relied upon by a disciplinary board must present sufficient "indiria of reliability". Meeks vs. McBride 81 F.3d 717.720 (7th Cir. 1996).

The charging officers written report states that petitioner was an actual participant in the riot however, at the disciplinary hearing his testimony was that he did not see petitioner actually engaged in the riot, but identified petitioner "running" on the videotape. This does not prove that petitioner was engaged in the riot. Only that he was attempting to get to the wash area to wash his face due to gas being dispersed throughout the wing.

Once the charging officer report contradicts or conflict his testimony then his credibility as a credible and reliable witness diminished and the "same evidence" became void.

A prisoner's due process is violated when the hearing officer written summary of the evidence relied upon in reaching his decision reported that he considered "only" the correctional officer's statement and the investigatory report McCall Bey vs. Frazen 585 F. Supp. 1295. Especially when they contradicts one another.

The evidence before the hearing officer was not sufficient to meet the requirements imposed by the Due Process Clause as the Fourteenth Amendment. Not only could the conflicting evidence relied upon be characterized as being meager, the record is so void of substantial evidence that the hearing officer's findings were without support or otherwise arbitrary. Superintendent Mass. Corr. Vs. Hill 105 S. Ct. 2768

# EXHIBIT A

**Marcel Goodman #01022367**           Case# 20020098257           **February 26, 2002**

To Whom It May Concern:

My name is Michael Goodman, I am writing on behalf of my son, Marcel D. Goodman #01022367.

On or about December 12, 2001, at the Willacy State Jail, there was an altercation between approximately fifty-four (54) Black and Hispanic inmates.

Marcel Goodman #01022367 is accused of "intentionally participating" with offender John Cotton #1030703 in a physical altercation involving multiple Blacks and Hispanics which created a danger of injuries to persons and substantially obstructed the performance of unit operations by casing a shut-down due to the disturbance".

Of the fifty-four (54) inmates involved, six (6) Black and six (6) Hispanic inmates were charged and moved for the unit.

Marcel Goodman #01022367 case number 200200898257. He is very adamant of the hearing process and stands by his innocence.

Following are a few claims (items) that could possibly clear Marcel from this charge:

(1) The charging officer (Officer Hernandez) in the hearing states, "that he did not see Marcel #01022367 fighting", but that Marcel #01022367 was on the video (Marcel states that he may be on the video running to the commode to wash his face of the raid spray that was used in the unit).

(2) Marcel asked that he be given the privilege of viewing the videotape of said incident, but was refused his request. Marcel #01022367, again stated that if the said videotape was viewed, that this would clear him of the charge, and, again, he was denied his request.

(3) The nurse's records showed that Marcel #01022367 had no marks, bruises, or cuts to his body, face or hands. This examine was done immediately following the altercation. By "creating or participating in danger or injury to persons", it would seem logical that there would be some signs of a struggle or fighting, at least on the hands and/or knuckles.

(4) Marcel #01022367 had a witness who would have testified on his behalf. However, the witness (Louis Alexander #1030204) was never contacted and questioned by Captain Montgomery regarding this matter.

Page – 1 –

# EXHIBIT A

**Marcel Goodman #01022367**  **Case# 20020098257**  **February 26, 2002**

    (5) Marcel Goodman #01022367, being of mixed race (white/black) is often mistaken for being Hispanic (he could have been mistaken for a Hispanic on such said video. (Enclosed is a picture of Marcel Goodman).

At the present time of said altercation, this would have been his first visit from myself, wife (Marcel's mother), daughter (Marcel's little sister) and Marcel's seven-year-old daughter (whom was down from out of state for a brief visit with us) to visit with Marcel at the unit. Marcel was really looking forward to this visit and in our opinion would have never jeopardized this rare opportunity.

Marcel, at this time is in the "Smith Unit", 1313 County Road 19, LaMesa, Texas 79331. He is now being held in closed-custody. He is housed with inmates that are doing lifetime sentences. Marcel is very concerned that the inmates with longer sentences try to intimidate the inmates that have shorter sentences and/or the chance for parole. He fears for his life and his safety. He is being charged with a crime that did he did not participate in.

I understand that you hear this claim form many, if not all prisoners. I also understand that Marcel is no "angel" by any stretch of the imagination. He has made some bad and serious choices in his life and traveled down the wrong path of life in some instances. He recognizes this and is paying his dept to society and just wants to do his time by the system and do it right.

If you could fine the time to possibly look into the following:
    (1)    The discussed video
    (2)    The witness testimony
    (3)    The nurses records
    (4)    His disciplinary record

That this would show that he is not a violent person. So, in closing, if the video was viewed, the witness was heard, and the records were reviewed, that this would clear Marcel of this charge

All of your time and efforts researching and investigating the case will be very much appreciated by my wife, daughter and myself.

Again, thanking you in advance for your time, support and consideration to the above matters.

Sincerely,

Michael D. Goodman
10106 Prospect Hill Drive
Houston, Texas 77064
(281) 970-1632

cc:    Ms. Terri Hodge/State Representative – 4032 Swiss Avenue, Dallas, Texas 75204
        Mr. Arthur Adams/Ombudsman Office – PO Box 99, Huntsville, Texas 77342
        Warden Andersen/Smith Unit – 1313 County Road 19, LeMesa, Texas 79331



# Texas Department of Criminal Justice



Gary L. Johnson
*Executive Director*

www.tdcj.state.tx.us

March 13, 2002

Mike Goodman
10106 Prospect Hill Drive
Houston, TX 77064

RE:   Marcel Goodman   #1022367
      TDCJ-ID Smith Unit

Dear Mr. Goodman,

This letter is to notify you that we recently received your recent correspondence addressed to this office pertaining to Marcel Goodman.

A review is currently being conducted regarding the issues mentioned in the correspondence we received in this office dated February 26, 2002. The Office of Ombudsman will respond to you by letter following completion of the inquiry.

In the meantime, if we can be of further assistance, please do not hesitate to contact this office.

Sincerely,

EW

Eloise Warzecha, Administrative Technician IV
TDCJ-ID Office of Ombudsman

EBW:ew

copy:   file

---

TDCJ-ID Office of Ombudsman • P.O.Box 99 • Huntsville, TX 77342 • (936) 437-6791 • Fax (936) 437-6868 • inst.div@tdcj.state.tx.us

This information is provided to you in accordance with Section 493.018, Texas Government Code, and Agency policy. An initial response will be provided within ten days, with a final response usually within thirty days. Concerns reported as "life threatening" are addressed on a priority basis. Confidential requirements can restrict some information from being released.

Although the charging officer's statement and report normally provides at least some evidence which is sufficient evidence for purposes of federal habeas corpus officer "did not " present sufficient indicia of reliability. Meeks vs. McBride 81 F.3d 717.720 (7th Cir. 1996)

Thus, although we do not consider exculpatory evidence merely because it could have supported a different result from that reached by the hearing officer.

We must nevertheless satisfy ourselves that the evidence the hearing officer did rely on presented sufficient indicia as reliability to permit us to conclude that it's decision to revoke an inmate's good time credits was nor arbitrary. See also Lenea vs. Lane 882 F.2d 1171. 1176 (7th Cir. 1989): Cato vs. Rushen 824 F.2d 703.705 (9th Cir. 1987)

Moreover, where a prison inmate produces exculpatory evidence that directly undermines the reliability of the evidence in the record pointing to his guilt, he is entitled to an explanation of why the [disciplinary board] disregarded the exculpatory evidence and refused to find it persuasive", Whitford vs. Boglino 63 F.3d 527 (7th Cir. 1995) (per curiam): See Viens vs. Daniels 871 F2d 1328 at 1335 (7th Cir. 1989).

It has been repeatedly held by the Federal and Supreme Court that when prison officials subject inmates to serious punishment like punitive segregation 1 and or retention in line class 3 they [must] observe the safeguards of due process Wolff vs. McDonnell 418 U.S. 539.556_59. 94 S. Ct. 2963 (1974) Gilbert vs. Frazier 931 F.2d 1581 (7th Cir. 1991), the refusal to call petitioner's witness (es) denied him due process in that prisoners have an "right" to call witness when it is not unduly hazardous to institutional safety or correctional goods, Wolff vs. McDonnell 418 11.S 539.566 94 S. Ct. 2963. Witness may be denied for reasons such as lack of necessity, irrelevance or hazards presented in individual cases, Wolff vs. McDonnell 418 11.S 516 none of the reasons apply to this case.

The witness were not irrelevant or unnecessary, they/he were pertinent to the defense of petitioner. Had he been called he could and would have testified that petitioner was not a participant in the riot. Courts have repeatedly held that the refusal to call witnesses with "personal knowledge" of the incident in question denies due process, Fox vs. Coughlin 893 F.2d 475. 478 (2d Cir. 1990).

Page (6)

This is especially so when a prisoner faces a credibility problem trying to disprove the charges of a prison guard or employee, Rames vs. Kerby 936 F2d. 1102. 1104 (10th Cir. 1991), and when the hearing officer refused to hear witnesses corroborating the accused inmate, Graham vs. Baughman 772 F2d 441. 445 (8th Cir. 1985): Green vs. Nelson 442 F. SUDD. 1047. 1057 (1977) both of which applies to this case.

## V.

Petitioner has demonstrated that he is entitled to Federal Habeas Corpus relief and asks this Honorable Court to grant petitioner's Writ as Habeas Corpus in respect to disciplinary case no. 20020098257

### Prayer

Wherefore, premises, considered, petitioner respectfully prays that this Honorable Court construe this petitioner's Writ of Habeas Corpus with an eye toward the attainment of justice and grant the same and a injunction be made against the respondent that disciplinary case no. 20020098257, filed against petitioner are violative of due process, Ex Post Facto, liberty interest and said disciplinary case no. 20020098257 be overturned and expunged from petitioner's record.
So Respectfully moved and prayed for.

Respectfully Submitted

Marcel D. Goodman #01022367
Preston E. Smith Unit
1313 County Road 19
Lamesa, Texas 79331-1898

I declare under penalty of perjury pursuant to 28 U.S.C. 3 1746 that the foregoing instrument of Writ of Habeas Corpus and the contents contained therein is true and correct.

Executed on the 15th day of November 2002

Marcel D. Goodman

## Certificate of Service

I do hereby certify that true and correct copy of the foregoing petitioner's Writ of Habeas Corpus has been mailed to the Clerk of the _____ District of Texas, _____ Division via – U.S. mail.

*Marcel D. Goodman* (signature)
Marcel D. Goodman #01022367