# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 7 2003

Michael N. Milby
Clerk of Court

MARCEL D. GOODMAN,
Petitioner,

V.

MISC. ACTION NO. B-02-028

GARY JOHNSON, Executive Director
Respondent.

## PETITIONER'S ANSWER TO COURT'S ORDER DATED NOVEMBER 6, 2003

By Motion form, Petitioner Marcel D. Goodman, comes to this Honorable Court, for a violation of Rule 60(b) in the District Clerk's failure to alert the Court, that a filing fee had been paid, in this cause of action.

Due to a filing error, ten (10) months have pass by without any action on Petitioner's writ of habeas corpus, and it's no fault of the Petitioner, that his case file in this case, was inadvertently grouped with a series of cases this Court had been assigned by the McAllen Division of the Southern District of Texas. Petitioner Goodman feels, that Justice has been denied in this instance, and now files this Motion for relief from Judgment in Misc. Action No. B-02-028, and through Default on the actions of the Clerk.

1.

Since through no fault of the Petitioner, a period of ten (10) months has passed, and Petitioner's one year statue of limitations period has ended, this honorable district court has to either re-start Petitioner's one-year period, or else, grant his writ of habeas corpus under Rule 60(b). Since this case literally fell through the cracks, under Rule 60(b) MISTAKES; INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE; FRAUD, ETC. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final Judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by due diligence, could not have been discovered in time, to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the Judgment is void; (5) the Judgment has been satisfied, released, or discharged, or a prior Judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the Judgment should have prospective application; or (6) any other reason justifying relief from the operation of the Judgment. According to the Federal Rules of Civil Procedure.

Respectfully submitted,

*Marcel Goodman*

MARCEL D. GOODMAN
Petitioner - Pro Se.

2.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify under penalty of perjury that on November 13, 2003, two (2) copies of PETITIONER'S ANSWER TO COURT'S ORDER DATED NOVEMBER 6, 2003, has been served on Felix Recio, U.S. Magistrate Judge, United States District Court, Southern District of Texas, U.S. Federal Building + Courthouse, 600 E. Harrison, #305, Brownsville, TX 78520, by placing said documents in a properly addressed envelope with postage prepaid and placing said envelope in building J-5's prison mailbox on this the 12th Day of November, 2003.

*Marcel Goodman*
Marcel D. Goodman #1022367
Boyd Unit, Rt. 2 Box 500
Teague, Texas 75860

3.