

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARCEL D. GOODMAN, § <br> TDCJ-CID NO. 1022367, § <br> Petitioner, § <br> § <br> v. § <br> § <br> DOUG DRETKE,[1] Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | MISC. ACTION NO. B-02-028 <br> (Recio) |

**RESPONDENT DRETKE'S ANSWER WITH BRIEF IN SUPPORT**

The Petitioner, Marcel D. Goodman ("Goodman"), was properly convicted of two counts of aggravated robbery with a deadly weapon in the first degree and sentenced to two concurrent terms of ten years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), by the 209th District Court of Harris County, Texas. Exhibit A with attached explanations.[2] Goodman now seeks habeas corpus relief as a result of a prison disciplinary proceeding pursuant to 28 U.S.C. §§ 2241 & 2254, which provides this Court with jurisdiction over the subject matter and the parties. *Wadsworth v. Johnson*, 235 F.3d 959, 963 (5th Cir. 2000)("Wadsworth is a prisoner pursuant to a state court judgment and sentence. He is currently confined with in that state, which has more than one federal judicial district. He challenges a

---

[1] The "Institutional Division" of the Texas Department of Criminal Justice was recently renamed the "Correctional Institutions Division." Additionally, the previous named respondent in this action was Gary Johnson. On August 18, 2003, Doug Dretke became the Director of the Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Doug Dretke "is automatically substituted as a party."

[2] The undersigned has attached a printout of Goodman's commitment inquiry as provided by TDCJ-CID with attached explanations as "Exhibit A."

disciplinary hearing occurring while in the custody of the state which entered the judgment against him"). However, any claim regarding the loss of good time credit as a result of this, or any other, prison disciplinary case, fails to provide a constitutional issue because Goodman is *not* eligible for mandatory supervision. Respondent, Doug Dretke ("the Director"), denies all of Goodman's assertions of fact, except those supported by the record or specifically admitted herein.

## STATEMENT OF THE CASE

The Director has lawful custody of Goodman pursuant to two judgments and sentences of the 209th District Court of Harris County, Texas in cause numbers 862907 and 862935, styled *The State of Texas v. Marcel D. Goodman*. Exhibit A with attached explanations. Goodman pleaded guilty to two felony offenses of first-degree aggravated robbery with a deadly weapon and, on January 11, 2001, the Court imposed two concurrent sentences of ten years imprisonment. Exhibit A with attached explanations. A procedural history of any appeals or state habeas corpus applications is unnecessary for the resolution of the instant petition because the validity of Goodman's holding conviction is not directly at issue. In this action, Goodman challenges the hearing officer's finding of guilt and punishment determination in prison disciplinary case number 20020098257.[3] Fed. Writ Pet., at 2-3, 7.

## EXHAUSTION[4]

In the event this Court fails to dismiss this writ pursuant to FED. RULE CIV. PROC. 12(b)(6),

---

[3] Unless the Court orders otherwise, the Director is not submitting the administrative records from prison disciplinary case number 20020098257 because they are irrelevant to resolution of this case.

[4] In addition, the Director reserves the right to assert the statute of limitations as a defense to this application for federal writ of habeas corpus.

2

the Director specifically reserves the right to argue: a) whether Goodman has sufficiently exhausted his state court remedies, as required by 28 U.S.C. §§ 2254(b), (c), on the allegations as construed above; and, b) whether any of the above allegations have been procedurally defaulted.

## STATE COURT RECORDS

Records of Goodman's state court proceedings are irrelevant to the resolution of this case; therefore, unless the court orders otherwise, they will not be forwarded to the court. The disciplinary records for disciplinary case number 20020098257 are not available at this time, however they are irrelevant in light of the fact that Goodman has not stated a federal habeas corpus claim.

## ANSWER WITH BRIEF IN SUPPORT

Goodman is *not* eligible for mandatory supervision, therefore *any* claim he raises challenging this disciplinary case fails to raise a constitutional deprivation due to his underlying convictions for first-degree aggravated robbery with a deadly weapon. Exhibit A with attached explanations; TEX. GOVT. CODE § 508.149 (a)(12) (West 2000). Moreover, Goodman is also excluded from being eligible for release to mandatory supervision due to the fact that he used or exhibited a deadly weapon during the course of committing the November 18, 2000 and December 5, 2000 robberies. Exhibit A; TEX. GOVT. CODE § 508.149 (a)(12) (West 2000); TEX. CODE CRIM. PRO. art. 42.12(3)(g)(2) (West 2003). As a result, Goodman has failed to state a claim for relief under federal habeas corpus law and his petition must be dismissed with prejudice. FED. RULE CIV. PROC. 12(b)(6); *Campos v. Johnson*, 958 F. Supp. 1180, 1189 (W.D. Tex. 1997) (stating "[n]o court has ever construed the Texas statutes relating to mandatory supervision as creating such a federally-protected right on behalf of Texas prisoners whose offenses are expressly and specifically excluded from the parameters of the Texas mandatory supervision statute."); *Madison v. Parker*, 104 F.3d

765, 768 (5th Cir. 1997) (acknowledging that under 42.18 § 8(c) certain inmates are not eligible for release to mandatory supervision and stating that, if on remand, the district court finds that the petitioner is not eligible for mandatory supervision, the court may reinstate the dismissal of the petitioner's writ for habeas corpus relief because the petitioner would not be entitled to procedural due process as required by *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974)); *see also Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000).

Furthermore, to the extent Goodman claims that the disciplinary actions taken by prison officials have affected his eligibility for parole, his claims must fail because he has again failed to state a claim that will invoke due process concerns. Fed. Writ Pet., at 3, 7; *Sandin v. Conner*, 515 U.S. 472, 487 (1995). It is well-settled that Texas parole statutes do not confer a liberty interest. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("there is no constitutional right to expectancy of parole in Texas."); *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995).

Finally, insofar as Goodman challenges the hearing officer's determination that his line class be reduced, his custodial classification in terms of a "line class" will not "inevitably affect the duration of... [his] sentence." Fed. Writ Pet., at 3, 7; *Sandin*, 515 U.S. at 487; *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999) ("[i]nmates have no protectable property or liberty interest in custodial classifications."); *Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir. 1992) (a prisoner has no inherent constitutional right to any particular classification or custody level). The possibility that Goodman's custody classification could affect when he is ultimately released from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* Goodman cannot show that the hearing officer's determination that his custody classification be reduced "would automatically shorten... [his] sentence or lead to... [his] immediate release." *Carson v. Johnson,*

4

112 F.3d 818, 821 (5th Cir. 1997). It is well-established that the timing of Goodman's release is "too speculative to afford . . . [him] a constitutionally cognizable claim to the 'right' to a particular time earning status." *Malchi*, 211 F.3d at 959.[5] Therefore, with regard to his line class reduction, Goodman has not stated a claim that entitles him to federal habeas corpus relief; consequently, Goodman's petition must be dismissed. FED. RULE CIV. PROC. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that Goodman's petition for writ of habeas corpus be denied.

         Respectfully submitted,

         GREG ABBOTT
         Attorney General of Texas

         BARRY R. McBEE
         First Assistant Attorney General

         DON CLEMMER
         Acting Deputy Attorney General
         for Criminal Justice

         GENA BUNN
         Assistant Attorney General
         Chief, Postconviction Litigation Division

---

[5] In *Malchi*, the court found that time earning status and custodial classifications are attenuated to release on parole and are "too speculative to afford . . . a constitutionally cognizable claim to the 'right' to a particular time earning status, which right the Texas legislature has specifically denied creating." 211 F.3d at 959. Moreover, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of . . . [a petitioner's] custodial status . . . [and] such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (internal citations omitted).

*Attorney in Charge

*<u>Sallie Christian-Carnal</u>
SALLIE CHRISTIAN-CARNAL*
Assistant Attorney General
State Bar No. 24006959

P.O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, Sallie Christian-Carnal, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Dretke's Answer with Brief in Support has been served by placing the same in the United States Mail, postage prepaid, on this the 3rd day of December 2003, addressed to:

Marcel D. Goodman
TDCJ-CID No. 1022367
Boyd Unit
Route 2 Box 500
Teague, Texas 75860

<u>Sallie Christian-Carnal</u>
SALLIE CHRISTIAN-CARNAL
Assistant Attorney General

# EXHIBIT A

```
CSIMF800/CICS01         COMMITMENT INQUIRY
INMTCICS/LHA9541 /JC01  TDCJ   NO: 01022367 SIDNO: 06116513
 NAME: GOODMAN,MARCEL           APPL:     STATUS: A RC BY S4   #OFF: 03
 OLD TDC#: 00854641 CNTY CONV: 101                                73RD
 OFF-REC:     1299 PRJ RL: XXXXXXXXXX REC: 02-08-2001 MAX-TERM:  10Y  0M  0D
 PEN-REC: 029.030 MAX-EX: 12-05-2010 BEGIN: 12-05-2000 PAR-ELIG: 12-05-2005
                                     DEFADJ:      INMATE TYPE: ID
    OFFCD: 22990003 BURG OF HABIT WIC THEFT      2D                   73RD
     PENAL:030.020  MS:N PLEA:G CAUSE:787585         CNT:     OFF:07-09-1998
     CC  CNTY OFF:101  CNTY/CRT:101 232 MAX TERM:  3Y  0M  0D  BEG:07-09-1998
     MIN EXP:08-02-2002 MAX:08-02-2002 PAR ELIG:01-01-0001 SENTENCED:07-24-1998
     OFF TDCNO: 00854641            PC SUBSEC: UNK    CTO DATE 01-01-0001
    OFFCD: 12990002 AGG ROBBERY            1D AGG DEADWPN FLAT-ONLY  73RD
     PENAL:029.030  MS:N PLEA:G CAUSE:862935         CNT:     OFF:11-18-2000
     CC  CNTY OFF:101  CNTY/CRT:101 209 MAX TERM: 10Y  0M  0D  BEG:12-04-2000
     MIN EXP:12-04-2010 MAX:12-04-2010 PAR ELIG:12-04-2005 SENTENCED:01-11-2001
     OFF TDCNO: 01022367                              CTO DATE 01-01-0001
    OFFCD: 12990002 AGG ROBBERY            1D AGG DEADWPN FLAT-ONLY  73RD
     PENAL:029.030  MS:N PLEA:G CAUSE:862907         CNT:     OFF:12-05-2000
     CC  CNTY OFF:101  CNTY/CRT:101 209 MAX TERM: 10Y  0M  0D  BEG:12-05-2000
     MIN EXP:12-05-2010 MAX:12-05-2010 PAR ELIG:12-05-2005 SENTENCED:01-11-2001
     OFF TDCNO: 01022367                              CTO DATE 01-01-0001
 PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
 END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION
## COMMITMENT INQUIRY INFORMATION

The Director does not have a copy of the judgment and sentence documenting Goodman's convictions in cause numbers 862935 and 862907. However, the Director includes the TDCJ-CID computer-generated commitment inquiry with the following explanations:

a) "OFFCD:" - is followed by the National Crime Information Center offense code followed by the specific offense for these holding convictions, as follows:

"12990002 AGG ROBBERY 1D DEADWPN" - Aggravated robbery in the first degree with a deadly weapon.

b) "PENAL" - is followed by the specific Texas Penal Code violation, as:

"029.030" - Aggravated robbery

c) "MS: N" - indicates Goodman is not eligible for mandatory supervised release with regard to his convictions in cause numbers 862935 and 862907.

d) The term "PLEA: G" - reflects that Goodman pleaded guilty to the offenses in cause numbers 862935 and 862907.

e) "CAUSE: 862935" - reflects the criminal district court cause number for this case.

"CAUSE: 862907" - reflects the criminal district court cause number for this case.

f) "CNTY OFF: 101" - 101 indicates that the offenses for these convictions occurred in Harris County, Texas, with 101 being the TDCJ-ID numeric designator for Harris County.

g) "CNTY/CRT: 101 209" - identifies the county where the convictions occurred and the convicting district court for these cases as Harris County, Texas, in the 209th District Court.

h) "MAX TERM: 10Y 0M 0D" - reflects that the sentence assessed in cause number 862935 was ten years imprisonment.

"MAX TERM: 10Y 0M 0D" - reflects that the sentence assessed in cause number 862907 was ten years imprisonment.

i) "OFF: 11-18-2000" - reflects that Goodman committed the offense in cause number 862935 on November 18, 2000.

"OFF: 12-05-2000" - reflects that Goodman committed the offense in cause number 862907 on December 5, 2000.

j) "SENTENCED: 01-11-2001" - reflects that the sentences were assessed on January 11, 2001.

Case 1:02-mc-00028    Document 8    Filed in TXSD on 12/08/2003    Page 10 of 10