# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNVILLE DIVISION

MARCEL D. GOODMAN,
TDCJ-CID NO. 1022367,
Petitioner,

United States District Court
Southern District of Texas
FILED

DEC 11 2003

Michael N. Milby
Clerk of Court

V.

MISC. ACTION NO. B-02-028
(Recio)

DOUG DRETKE, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,
Respondent.

## PETITIONER GOODMAN'S ANSWER WITH BRIEF IN SUPPORT

Petitioner Marcel D. Goodman, was properly convicted of two counts of aggravated robbery with a deadly weapon in the first degree, and sentenced to two concurrent terms of ten years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), by the 209th District Court of Harris County, Texas. Petitioner Goodman now seeks habeas corpus relief as a result of a prison disciplinary proceeding pursuant to 28 U.S.C. §§ 2241 & 2254,

2.

which provides this Court with jurisdiction over the subject matter and the parties. Wadsworth v. Johnson, 235 F.3d 959, 963 (5th Cir. 2000) ("Wadsworth is a prisoner pursuant to a state court judgment and sentence. He is currently confined within that state, which has more than one federal judicial district. He challenges disciplinary hearing occurring while in the custody of the state which entered the judgment against him").

However, a claim regarding the loss of good time credits, as a result of a prison disciplinary case, does provide a constitutional issue, even if Goodman is not eligible for mandatory supervision. Petitioner Goodman ("Prisoner"), denies all of the ("Director"'s) assertions of fact, except those supported by the record or specifically admitted herein.

## STATEMENT OF THE CASE

A procedural history of any appeals or state habeas corpus applications is unnecessary for the resolution of the instant petition, because the validity of Goodman's holding is not directly at issue. In this action, Goodman challenges the hearing officer's finding of guilt and punishment determination in prison disciplinary case number 20020098257.

## EXHAUSTION

3.

In the event this Court dismisses this writ pursuant to FED. RULE CIV. PROC. 12(b)(6), instead of 12(C), the Petitioner also specifically reserves the right to argue (a) that Goodman has sufficiently exhausted his state court remedies, as required by 28 U.S.C. §§ 2254(b),(C) on the allegations as construed above; and, b) none of the above allegations have been procedurally defaulted.

## STATE COURT RECORDS

The disciplinary records for disciplinary case number 20020098257, should be available concerning this writ of habeas corpus, and are relevant in light of the fact, that Goodman has stated a Federal habeas corpus claim.

## ANSWER WITH BRIEF IN SUPPORT

Goodman was never eligible for mandatory supervision, and the claims he has raised, which challenges this disciplinary case, raises a constitutional deprivation, and failure of this Court to rule my way, will result in unfairness or injustice in this case. Therefore, Goodman has stated a claim for relief under federal habeas corpus law and his petition must be granted. FED. RULE CIV. PROC. 12(C). Goodman claims, that the disciplinary action taken by prison officials have affected his eligibility for parole, his claims must be granted because he has again shown, that his claims does

4.

invoke due process concerns. Sandin v. Conner, 515 l. S. 472, 487 (1995). It is well-settled, that Texas parol. statues do not confer a liberty interest. Madison v. Parke 104 F. 3d 765, 768 (5th Cir. 1997) ("there is no constitution. right to expectancy of parole in Texas."); Allison v. Kyle, 66 F. 3d 71, 73-74 (5th Cir. 1995). Finally, insofar as Goodman challenges the hearing officer's determination, that his line class be reduced, his custodial classification in terms of a "line class" will "inevitably affect the dura- tion of my sentence, by extending it for the amount of good time loss. The possibility that Goodman's custody classification, will affect when he is ultimately released from prison, is serious enough to invoke the procedural guarantees of the Due Process Clause." Goodman has shown, that the unfair determination rendered by the hearing officer, has caused an extension of his senten- ce, but would automatically shorten my sentence, or lead to my immediate release, if my writ of habeas corpus was granted, returning my good-time loss and custody class- ification. Carson v. Johnson, 112 F. 3d 818, 821 (5th Cir. 1997). The timing of Goodman's release, should afford him a constitutionally cognizable claim to a partic- ular time earning status. Malchi v. Thaler, 211 F. 3d 953, 957-58 (5th Cir. 2000). Therefore, with regard to my line class reduction, Goodman has stated a claim, that does entitle him to federal habeas corpus relief; conseque- ntly, Goodman's petition should be granted. FED. RULES CIV. PROC. 12 (C).

5.

# CONCLUSION

For the foregoing reasons, the Petitioner Marcel C Goodman #1022367, respectfully request that his petition for writ of habeas corpus be granted.

Respectfully submitted,

Marcel Goodman #1022367

Marcel D. Goodman #1022367
Boyd Unit, Rt. 2 Box 500
Teague, Texas 75860

# CERTIFICATE OF SERVICE

I, Marcel D. Goodman #1022367, prisoner, pro se, do hereby certify that a true and correct copy of the above and foregoing Petitioner Goodman's Answer with Brief in Support has been served by placing the same in the United States Mail, postage prepaid, on this the 6th day of December 2003, addressed to: Clerk, United States District Court, Southern District of Texas, Brownsville Division, 600 East Harrison Street, Brownsville, Texas 78520-7114.

Marcel Goodman

MARCEL D. GOODMAN
Pro Se Petitioner.

6.

December 6, 2003

Clerk, United State District Court
Southern District of Texas
Brownsville Division
600 East Harrison Street
Brownsville, Texas 78520-7114

Re: Marcel D. Goodman V. Doug Dretke, No. B-02-028

Dear Clerk:

Enclosed for filing in the above numbered and styled
cause are the original and one page copy each of the
Petitioner Goodman's Answer to Respondent Dretke
's Answer with Brief in Support.

By copy of this letter, I am forwarding a copy to the
Assistant Attorney General, Sallie Christian-Carna,
Postconviction Litigation Division. Thank you for
your kind assistance in this matter.

Sincerely Yours,
Marcel D. Goodman #1022367
Marcel D. Goodman #1022367
Boyd Unit - Rt. 2 Box 500
Teague, Texas 75860

1.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNVILLE DIVISION

MARCEL D. GOODMAN,
TDCJ-CID NO. 1022367,
    Petitioner,

V.                    MISC. ACTION NO. B-02-028
                           (Recio)

DOUG DRETKE, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,
       Respondent.

## PETITIONER GOODMAN'S ANSWER WITH BRIEF
## IN SUPPORT

Petitioner Marcel D. Goodman, was properly co-
nvicted of two counts of aggravated robbery with a
deadly weapon in the first degree, and sentenced to two
concurrent terms of ten years imprisonment in the Tex-
as Department of Criminal Justice, Correctional Instit-
utions Division ("TDCJ-CID"), by the 209th District Court
of Harris County, Texas. Petitioner Goodman now seeks
habeas corpus relief as a result of a prison discipli-
nary proceeding pursuant to 28 U.S.C. §§ 2241 & 2254,

2.

which provides this Court with Jurisdiction over the su
bject matter and the parties. <u>Wadsworth v. Johnson</u>,
235 F. 3d 959, 963 (5th Cir. 2000) ("Wadsworth is a prisc
ner pursuant to a state court Judgment and sentence
 He is currently confined within that state, which ha
more than one Federal Judicial district. He challenges
disciplinary hearing occurring while in the custody
the state which entered the Judgment against him",
   However, a claim regarding the loss of good time cr
edits, as a result of a prison disciplinary case, does pr
ovide a constitutional issue, even if Goodman is not
eligible for mandatory supervision. Petitioner Goodman
("prisoner"), denies all of the ("Director's") assertions of fa
ct, except those supported by the record or specifically
admitted herein.


## STATEMENT OF THE CASE


   A procedural history of any appeals or state habeas
corpus applications is unnecessary for the resolution of
the instant petition, because the validity of Goodman's
holding is not directly at issue. In this action, Goodman
challenges the hearing officer's finding of guilt and pu
nishment determination in prison disciplinary case num
ber 20020098257.


## EXHAUSTION

3.

In the event this Court dismisses this writ pursuant
to FED. RULE CIV. PROC. 12 (b)(6), instead of 12(c), the Pe-
titioner also specifically reserves the right to argue
(a) that Goodman has sufficiently exhausted his state
court remedies, as required by 28 U.S.C. §§ 2254(b),(c)
on the allegations as construed above; and, b) none of the
above allegations have been procedurally defaulted.

## STATE COURT RECORDS

The disciplinary records for disciplinary case number
20020098257, should be available concerning this writ
of habeas corpus, and are relevant in light of the fact
that Goodman has stated a federal habeas corpus claim.

## ANSWER WITH BRIEF IN SUPPORT

Goodman was never eligible for mandatory super-
vision, and the claims he has raised, which challenges
this disciplinary case, raises a constitutional depri-
vation, and failure of this Court to rule my way, will re-
sult in unfairness or injustice in this case. Therefore,
Goodman has stated a claim for relief under federal ha-
beas corpus law and his petition must be granted. FED.
RULE CIV. PROC. 12(c). Goodman claims, that the di-
sciplinary action taken by prison officials have affect-
ed his eligibility for parole, his claims must be gran-
ted because he has again shown, that his claims does

4.

invoke due process concerns. Sandin v. Conner, 515
S.472, 487 (1995). It is well-settled, that Texas parol
statues do not confer a liberty interest. Madison v. Park,
104 F.3d 765, 768 (5th Cir. 1997) ("there is no constitution
right to expectancy of parole in Texas."); Allison v. Kyle, 66
F.3d 71, 73-74 (5th Cir. 1995). Finally, insofar as Goodman
challenges the hearing officer's determination, that
his line class be reduced, his custodial classification
in terms of a "line class" will "inevitably affect the dura-
tion of my sentence, by extending it for the amount of
good time loss. The possibility that Goodman's custody
classification, will affect when he is ultimately released
from prison, is serious enough to invoke the procedural
guarantees of the Due Process Clause." Goodman has
shown, that the unfair determination rendered by the
hearing officer, has caused an extension of his senten-
ce, but would automatically shorten my sentence or lead
to my immediate release, if my writ of habeas corpus was
granted, returning my good-time loss and custody class-
ification. Carson v. Johnson, 112 F.3d 818, 821 (5th Cir.
1997). The timing of Goodman's release, should afford
him a constitutionally cognizable claim to a partic-
ular time earning status. Malchi v. Thaler, 211 F.3d 953,
957-58 (5th Cir. 2000). Therefore, with regard to my line
class reduction, Goodman has stated a claim, that does
entitle him to federal habeas corpus relief; conseque-
ntly, Goodman's petition should be granted. FED. RULES
CIV. PROC. 12 (c).

5.

## CONCLUSION

For the foregoing reasons, the Petitioner Marcell Goodman #1022367, respectfully request that his petition for writ of habeas corpus be granted.

Respectfully submitted,

Marcel Goodman #1022367

Marcel D. Goodman #102236'

Boyd Unit, Rt. 2 Box 500

Teague, Texas 75860

## CERTIFICATE OF SERVICE

I, Marcel D. Goodman #1022367, prisoner, pro se, do hereby certify that a true and correct copy of the above and foregoing Petitioner Goodman's Answer with Brief in Support has been served by placing the same in the United States Mail, postage prepaid, on this the 6th day of December 2003, addressed to: Clerk, United States District Court, Southern District of Texas, Brownsville Division, 600 East Harrison Street, Brownsville, Texas 78520-7114.

Marcel Goodman

MARCEL D. GOODMAN

Pro Se Petitioner.

6.