UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 1 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| MARCEL D. GOODMAN, §<br>Petitioner, § <br> § <br>v. § <br> § <br>GARY JOHNSON, Executive Director § <br> § <br>Respondent. § | MISC. ACTION NO. B-02-028 |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Marcel D. Goodman filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, in which he challenges the results of a prison disciplinary proceeding. For the following reasons, this Court RECOMMENDS that Respondent Dretke's Motion to Dismiss (Docket No. 8) be GRANTED and that Petitioner's request for habeas corpus relief be DENIED.

### BACKGROUND

Goodman was convicted of two counts of aggravated robbery with a deadly weapon in the first degree and sentenced to two concurrent terms of ten years in the Texas Department of Criminal Justice Correctional Institutions Division. Goodman does not challenge any aspect of his sentence related to those charges; rather, he challenges the results of disciplinary proceedings stemming from his alleged participation in a riot that occurred while he was incarcerated.

According to the Petitioner, on or about December 12, 2001, he was charged with violating an institutional division rule of Texas Department of Criminal Justice in disciplinary case #20020098257 for allegedly participating in a racial riot that occurred in a Willacy County penal institution. As a result of the hearing officer's finding of guilt, Goodman was punished; his

1

punishment included, among other things, a demotion in his prisoner status and forfeiture of good time credit.

Petitioner Goodman filed the instant § 2254 Application following the finding of guilt, arguing that there was insufficient evidence to support the guilty determination and that he was denied due process. Upon order of this Court, Respondent Dretke answered Goodman's habeas corpus petition (See Docket No. 8). Dretke, along with his answer, urges the Court to dismiss the matter pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the fact that Goodman has not stated a federal habeas claim.

## DISCUSSION

The Respondent's main contention is that, because Goodman is not eligible for mandatory supervision, any challenge to his disciplinary case fails to amount to a cognizable claim for relief under 28 U.S.C. § 2254. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Campos v. Johnson*, 958 F.Supp. 1180, 1189 (W.D. Tex. 1997); *see also Malchi v. Thaler*, 211 F.3d 953, 957-59 (5th Cir. 2000). According to Circuit precedent, a state prisoner that is not eligible for mandatory supervision release does not have a federally-protected right regarding good time credit. *See Malchi*, 211 F.3d at 957-59; *Madison*, 104 F.3d at 768. Because of the nature of the crime Goodman was convicted for, he is not eligible for mandatory supervision and therefore he has no constitutional expectancy regarding good time credit. *See* TEX. GOVT. CODE § 508.149(a)(12); TEX. CODE CRIM. PRO. art. 42.12(3)(g)(2); *Malchi*, 211 F.3d at 957-59; *Madison*, 104 F.3d at 768; *see also* Docket No. 8, Exhibit A.

Furthermore, to the extent Goodman is asserting that disciplinary actions taken by prison officials have affected his eligibility for parole, his claim must fail because it is well settled that

Texas parole statutes do not confer a liberty interest. *Madison*, 104 F.3d at 768 ("there is no constitutional right to expectancy of parole in Texas"); *Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995); *see also Meachum v. Fano*, 427 U.S. 215, 229 n.8, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)(noting that possible effect on parole decision does not create a liberty interest).

In addition, inasmuch as Goodman challenges the portion of his punishment reducing his "line class" status, such a claim must fail because his custodial classification will not inevitably affect the duration of his sentence. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)("Inmates have no protectable property or liberty interest in custodial classifications"); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992)(a prisoner has no inherent constitutional right to any particular classification or custody level). The timing of Goodman's release is "too speculative to afford ... [him] a constitutionally cognizable claim to the 'right' to a particular time earning status." *Malchi*, 211 F.3d at 959; *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Finally, none of the other aspects of Goodman's punishment raise constitutional concerns, and thus, they too are not cognizable in a habeas corpus action. *Malchi*, 211 F.3d at 958 ("Clearly, [Petitioner's] thirty-day loss of commissary privileges and cell restriction do not implicate due process concerns").

Rule 12(b)(6) allows a court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burdens of unnecessary litigation-related activity. See *Spivey, Jr., v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999). The federal rules of civil procedure, when appropriate, may be applied to petitions filed under the habeas corpus rules. *See* Rules Governing § 2254 Cases, Rule 11, 28 U.S.C.A. foll. § 2254.).

3

Pursuant to Rule 12(b)(6), a plaintiff's claim may be dismissed for failure to state a claim upon which relief may be granted when, viewing the allegations in the plaintiff's complaint in the light most favorable to him and drawing all reasonable inferences in his favor, it appears certain that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Adolph v. Federal Emergency Management Agency*, 854 F.2d 732, 735 (5th Cir.1988); *Kaiser v. Aluminum & Chem Sales, Inc. v. Avondale Shipyard, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105 (1983).

According to the above discussion, it appears clear that Petitioner Goodman can prove no set of facts in support of his claim that would entitle him to relief. *Adolph*, 854 F.2d at 735; *Kaiser v. Aluminum & Chem Sales, Inc.*, 677 F.2d at 1050 (5th Cir.1982). As a result, Goodman's Section 2254 application should be dismissed for failure to state a claim.

## RECOMMENDATION

After reviewing the Respondent's answer, the Court is of the opinion that an evidentiary hearing is not required; accordingly, the Court must recommend such a disposition of the petition as justice requires. *See* Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254. As the above discussion makes clear, Goodman's claims related to the findings of the disciplinary hearing officer fail to state a cognizable claim for relief under 28 U.S.C. § 2254. Accordingly, this Court RECOMMENDS that Goodman's § 2254 petition be dismissed.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this ___1st___ day of March, 2004.

Felix Recio
United States Magistrate Judge