IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARCEL D. GOODMAN, TDCJ-CID NO. 1022367, Petitioner, | * * * | |
| v. | * | MISC. ACTION NO. B-02-028 |
| DOUG DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | * * * | |

## CERTIFICATE OF APPEALABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Marcel D. Goodman, the undersigned presents in and to said Court thereof, that Marcel D. Goodman, 'hereinafter' styled Petitioner, filing this Certificate of Appealability Motion, pursuant to 28 § 2253 (B)(2)(3) and would respectfully show this Honorable Court the following:

### I.

### JURISDICTION

The Court has jurisdiction over the Petitioner's claim of violation of Federal constitutional rights under 2254.

### II.

### GROUNDS FOR APPEAL

1) Due process violation

### III.

### FACTS OF CASE

1.

On or about December 12, 2001, Petitioner was charged with violating a Texas Department of Criminal Justice-Institutional Division Rule in disciplinary case #20020098257 for 'allegedly' participating in a racial riot that transpired at the Willacy County, SJD. Transfer Facility. Petitioner was found guilty and punishment imposed was 15 days punitive segregation, reduction in class from S. A. T.-3 to Line class 3, forfeiture of 448 days good time, 45 days commissary, 45 days recreaction, 45 days cell restriction and placed on Close custody from minimum custody.

The charging officer Hernandez, Jr., filed the report stating that he saw Petitioner participanting in the riot, in the officers testimony at the hearing, he stated that he did not see Petitioner actually engaged in the riot, but identified Petitioner 'running' on the videotape. Petitioner was found guilty based on these erroneous inconsistencies in this officer statement and testimony. Credibility was and is a issue in this case at bar.

Petitioner requested that the following witness at the hearing (Louis Alexander #103024), the hearing officer refused to call said inmate to give his testimony that petitioner was not participanting in the roit. Petitioner ask the hearing officer to review the tape, he refuse to do that, nor did state why the witness would not be called in my defense, thereby denying Petitioner Due Process, to a fair hearing...

2

IV.

**ARGUMENT**

The inmate facing disciplinary proceedings should be allowed to present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Wolff v. McDonnell, 94 S. Ct. at 2979. See also Baxter v. Palmigiano, 425 U.S. 308, 321, 96 S. Ct. 1551, 1559, 47 L. Ed. 2d 810 (1976). This qualified right was one element in what the Court described as an overall effort to create a "reasonable" and "mutual accommodation" between the "provisions of the constitution" and "the needs of the institution" in the context of disciplinary hearings. Id. at 2975.

Petitioner Due Process was violated when he requested inmate Louis Alexander give his testimony of the roit, and the hearing officer refused to call him to the hearing, Petitioner also ask to review the tape and was refused to review it, and Petitioner ask the hearing officer to view the tape, and refused to view, stating that it was no need to see it.

The hearing officer prevent Petitioner from presenting essential documentary evidence on his behalf. The charge against Petitioner was based solely on the contents of the tape and the charging officer, the failure to give Petitioner access to the tape and to bring the requested witness which was essential to the preparation and presentation of Petitioner's defense. In addition allowing Petitioner to

view the tape and have said witness at the hearing posed no threat to institutional security or correctional goals.

A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administor discipline so that a reviewing Court, Parole authorities, etc... can determine whether the evidence before the hearing officer was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct. Wolff, Supra, at 2978-79. Ordinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement. Hays v. Thompson, 673 F. 2d 483, 492 (7th Cir. 1981); Chavis v. Rowe, 643 F. 2d 1281, 1283, 1287, 1289 (7th Cir. 1981); Redding v. Fairman, 717 F. 2d 1105, 1114-15 (7th Cir. 1983); Akbar v. Fairman, 788 F. 2d 1273, 1275 (7th Cir. 1986); Brown v. Frey, 807 F. 2d 1407 (8th Cir. 1986).

In the case at bar it is clear that the hearing officer relied on the report and the inconsistencies of the officer's account. Either the Petitioner was a part of the roit and did things that are recited in the conduct report, and was was guilty of rioting, or he did not do the things, because of the hearing officer denying Petitioner the right to his witness(es) deprived Petitioner due process.

The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the Petitioner's version of the facts as well as the hearing officer or charging officer to the (fact-finder) so it may decide where the truth

4.

lies.... This right is a fundamental element of due process of law. United States v. Valenzuela-Barnal, 458 U.S. 858, 875, 102 S. Ct. 3440, 3450, 73 L. Ed 2d 1193 (1982).

The touchstone of due process is protection of the individual against arbitrary action of government. Dent v. West Virginia, 129 U.S. 123, 9 S. Ct. 231, 233, 32 L. Ed 623 (1889). Since prisoners in Texas can only lose good time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed.

In Wolff v. McDonnell, the court, speaking through Mr. Justice White said: we think a person's liberty is equally protected, even when the liberty itself is a statutory creation of the State. In order to satisfy due process requirements, prison misconduct conviction must include meaningful written statement of evidence relied on and reasons for action taken. U.S.C.A Const. Amends. 5, 14.

The considerations that call for contemporaneous-explanation requirements in some contexts apply with particular force in the setting of prison disciplinary hearings. A contemporaneous-explanation requirement would force boards to take the inmate's constitutional right to present witnesses seriously. And when inmates are allowed to call witnesses,

the fairness and accuracy of disciplinary board findings are significantly affected, not only because witnesses are often crucial to the presentation of a defense, but particularly because an inmate obviously faces a severe credibility problem when trying to disprove the charges of a prison guard. Wolff v. McDonnell, 94 S. Ct. at 2988. (opinion of Marshall, J.) many of the other procedural due process rights recognized in Wolff-for example, the right to advance notice of the charges, to a hearing, and to a statement of evidence and reasoning relied on make sense only if the inmate is allowed to present his other version of the facts through witnesses and evidence. A part from such witnesses and evidence, inmates have little else with which to attempt to prove their case or disprove that of the charging officer; they have no constitutional right to confront and cross-examine adverse witnesses, counsel is typically not present at these hearings to marshal the inmate's case. Baxter, 96 S. Ct. at 1559.

That so much hinges on the right to present witnesses is a particularly compelling reason for assuring, through a requirement of written reasons when witnesses are excluded, that the right is being scrupulously honored. See Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 472, 101 S. Ct. 2460, 2468, 69 L. Ed 2d 158 (1981).

In case at bar Petitioner requested that the witness come to the hearing in his behalf and said above witness was deny without written reason or cause, thereby denying Petitioner

6

due process to a fair hearing. When said charging officer had contradiction in his testimony and the written report.

### RELIEF

WHEREFORE, PREMISES, CONSIDERED, petitioner prays that the Court will Grant this Certificate of Appealability in this cause on the ground that Petitioner was deny due process to have said witness at the hearing of his case.

*Marcel Goodman*
Marcel D. Goodman

SIGNED on the __17__ day of June 2004

7.

8.

## Certificate of Service

I do hereby certify that a true and correct copy of the foregoing Petitioner's Motion for Certificate of Appealability has been mailed to the Clerk of the United States Court of Appeals Fifth circuit at:

600 Camp Street
New Orleans, Louisiana 70130

*[signature]*
Marcel D. Goodman