IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 22 2004

Michael N. Milby, Clerk of Court

| | |
|---|---|
| MARCEL D. GOODMAN,<br>  Petitioner,<br><br>v.<br><br>DOUG DRETKE,<br>Director, Texas Department of<br>Criminal Justice, Institutional Division,<br>  Respondent. | §<br>§<br>§<br>§<br>§   MISC. NO. B-02-028<br>§<br>§<br>§<br>§<br>§ |

United States District Court
Southern District of Texas
ENTERED

JUL 22 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY

On March 1, 2004, this Court recommended that the District Court deny habeas relief in the above-styled cause number because the Petitioner's § 2254 claims, related to the findings of the disciplinary hearing officer, failed to state a cognizable claim for relief (Docket Entry No. 12). On March 4, 2004, the District Court adopted this Court's Report and Recommendation and entered an order denying habeas relief (Docket Entry No. 13). On March 29, 2004, the District Court withdrew its previous order adopting the Magistrate Judge's Report and Recommendation stating it had unprovidently issued the order denying relief and allowed Petitioner's timely objections to be considered (Docket Entry No. 16). In that same order, the District Court then stated it had considered Petitioner Goodman's objections and reviewed the file de novo and that the Magistrate Judge's Report and Recommendation should be adopted anew (Docket Entry No. 16).

Petitioner Goodman now files a timely petition for Certificate of Appealability (COA) (Docket Entry No. 17). For the reasons set out below, Goodman's request for a COA should be denied.

## BACKGROUND

Goodman was convicted of two counts of aggravated robbery with a deadly weapon in the first degree and sentenced to two concurrent terms of ten years in the Texas Department of Criminal Justice Correctional Institution Division. Goodman does not challenge any aspect of his sentence related to those charges; rather he challenges the results of the disciplinary proceedings stemming from his alleged participation in a riot that occurred when he was incarcerated. The Magistrate Judge's Report recommending dismissal was premised on Petitioner's failure to raise a cognizable claim for relief (Docket No. 12).

## ANALYSIS

The terms of the AEDPA require that an individual seeking appellate review of the denial of a habeas petitioner first procure a COA before proceeding on appeal. A COA may issue only if the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court set the standard for evaluating the issuance of a COA as follows:

> Where a district Court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where...the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 1039-40, 154 L.Ed.2d 931 (2003).

As the Supreme Court has noted, the COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. *Miller-El*, 537 U.S. at 336, 123, S.Ct. at 1039.

When this Court addressed Goodman's arguments relating to a prison disciplinary hearing, in which he claims he was denied the right to present a defense to the charge of participating in a prison riot, it was determined that said arguments did not amount to constitutional concerns that are cognizable in a § 2254 action. The court made that determination because under state law and Circuit precedent a state prisoner that is not eligible for mandatory supervision release does not have a federally protected right regarding good time credit. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi v. Thaler*, 211 F.3d 953, 957-59 (5th Cir. 2000). *See also* TEX. GOVT. CODE § 508.149(a)(12); TEX. CODE CRIM. PRO. ART. 42.12(3)(g)(2). Because of the nature of the crime Petitioner Goodman was convicted of, he is not eligible for mandatory supervision. TEX. GOVT. CODE; TEX. CODE OF CRIM. PRO.

It should be noted that Petitioner Goodman's main point of contention is that he was not allowed to present an inmate witness in his defense in the prison disciplinary hearing. While prisoners are accorded minimal positive rights in disciplinary hearings such as notice of claimed violations, written statement of fact finders as to evidence relied upon and reason for disciplinary action taken, and opportunity to call witnesses and present documentary evidence, (*see Banuelos v. McFarland*, 41 F.3d 232 (5th Cir. 1995)), such rights are not unqualified in prison disciplinary setting. *See Smith v. RaBulais, Jr.*, 659 F.2d. 539 (5th Cir. 1981). Prisoner's due process rights are not violated by exclusion of inmate witnesses from disciplinary proceedings where a prisoner receives notice of the charge against him and he had opportunity to present his views to prison officials. *See Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). The record clearly indicates Petitioner Goodman was given notice of the charges and that he presented his views to prison officials, albeit

without a live witness. There is no evidence to support a finding that Petitioner Goodman's limited due process rights were arbitrarily abrogated.

Notwithstanding the above, Petitioner Goodman's ineligibility for mandatory release negates any claims he has to constitutional violations. The court's sole consideration, in determining whether to issue a COA, is whether jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong. This Court suggests they would not. Therefore, this Court recommends that a COA should not issue.

## RECOMMENDATION

For the reasons set out above, it is RECOMMENDED that Petitioner's request for a COA be DENIED. (See Docket Entry No. 17.)

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 22nd day of July 2004.

Felix Recio
UNITED STATES MAGISTRATE JUDGE