IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED

AUG 0 4 2004

Michael N. Milby, Clerk

MARCEL D. GOODMAN,            *
    Petitioner,

v.                            *    MISC. NO. B-02-028

DOUG DRETKE, Director
Texas Department of
Criminal Justice,             *
Institutional Division,
    Respondent.

*************************************************************

OBJECTIONS TO THE PROPOSED
FINDINGS, CONCLUSION, AND
RECOMMENDATION IN MAGISTRATE
REPORT

*************************************************************

TO THE HONORABLE JUDGE OF SAID COURT:

    Petitioner has never challenged the entitlement to the good time credits that was lost, as the Magistrate Judge points out in his recommendation on page 3, good time is not federally protected.

    Petitioner claim is that he was in fact denied due process to the disciplinary hearing, by this action is what allowed the State to arbitrarily take Petitioner's good time.

    Since prisoners in Texas can only lose good time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and

the minimum requirements of procedural due process appropriate for the circumstances must be observed.

In the case at bar Petitioner complain is that he was denied his right to present a witnesses at hearing, when the credibity of the officer was in question, the failure to allow Petitioner to call said witness in this case did affected the fairness and accuracy of this officer statements that was inconsistent.

The hearing officer never gave any reason(s) for not allowing said witness, nor was there a written reason for denying Petitioner witness to attend the hearing, when Petitioner invoked said right of having that witness testify this witness was excluded without cause.

The inmate facing disciplinary proceeding should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Wolff v. McDonnell, 94 S. Ct. at 2979.

Petitioner had a constitutional right to call witnesses in his behalf, and the failure for the hearing officer to just flat out and refuse Petitioner denied him the right to present a viable defense, this is the Constitutional rights that entitle Petitioner to COA.

For the above reason(s) Petitioner should be granted COA.

Sincerely,

*Marcel Goodman*
Marcel D. Goodman

2.